Albert Raymond **DAVIS,**
Petitioner–Appellee,

v.

**Joseph H. CRABTREE, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent–Appellant.**

No. 96–35516.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 1997.*

Decided March 20, 1997.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and 9th Cir.R. 34–4.

Thomas M. Gannon, United States Department of Justice, Washington, DC, for respondent-appellant.

Stephen R. Sady, Chief Deputy Federal Public Defender, Wendy R. Willis, Assistant Federal Public Defender, Portland, OR, for petitioner-appellee.

Before: FLETCHER, and TASHIMA, Circuit Judges, and SCHWARZER,** District Judge.

TASHIMA, Circuit Judge.

We must decide whether the Bureau of Prisons (BOP) may deny reduction of a prisoner's period in custody[1] under the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) to otherwise eligible prisoners who have been convicted under 18 U.S.C. § 922(g) (felon in possession of a firearm) on the ground that they have been convicted of an offense that was not "nonviolent." We conclude that the BOP may not do so.

## BACKGROUND

Albert Davis was convicted of being a felon in possession of a firearm and sentenced to 52 months in prison.. While imprisoned, Davis completed a 500–hour intensive drug and alcohol treatment program sponsored by the BOP. He then applied for sentence reduction under VCCLEA, 18 U.S.C. § 3621(e)(2)(B), which provides, *inter alia,* that the BOP may grant as much as one year in sentence reduction to prisoners "convicted of a nonviolent offense" who successfully complete drug and alcohol treatment programs.

The BOP refused to grant Davis sentence reduction, finding him ineligible under the regulation it has promulgated to implement the sentence reduction program, 28 C.F.R. § 550.58, and a policy statement that interprets § 550.58, Program Statement 5162.02

---

** Honorable William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

1. For convenience, we refer to this reduction of the period in custody as a "sentence reduction."

(July 24, 1995). Regulation 550.58 states that "the following categories of inmates are not eligible [for sentence reduction]: ... inmates whose current offense is determined to be a *crime of violence* as defined in 18 U.S.C. 924(c)(3)...." (Emphasis added.) Program Statement 5162.02 purports to further define "crime of violence," listing a series of offenses that are crimes of violence under 18 U.S.C. § 924(c)(3), but including felon firearm possession, in spite of the fact that the Ninth Circuit has held that felon firearm possession is not a crime of violence under § 924(c)(3). Because Davis had been convicted of felon firearm possession, the BOP concluded that he had committed a crime of violence and was not eligible for sentence reduction.

Davis petitioned for a writ of habeas corpus.[2] He argued that the BOP had found him ineligible on the basis of an impermissible interpretation of VCCLEA's requirement that he have been convicted of a nonviolent offense. He was granted relief in the district court, *Davis v. Crabtree*, 923 F.Supp. 166 (D.Or.1996), and Joseph H. Crabtree, warden of the Federal Correctional Institution, Sheridan, Oregon, appeals. Several other prisoners who have completed treatment programs have also been excluded from eligibility because of § 922(g) violations, and the parties have now entered into stipulations for judgement to be entered in those cases as well as this one, contingent on the outcome of this appeal.[3]

## DISCUSSION

██ The BOP argues that the district court erred when it concluded that the BOP must consider felon firearm possession a "nonviolent offense" for purposes of § 3621(e)(2)(B). According to the BOP, it has "broad discretion to adopt any reasonable definition of 'nonviolent offense,'" and its definition was reasonable, consistent with other VCCLEA provisions, and within its congressional mandate. Furthermore, BOP

argues, the Ninth Circuit's cases holding that felon firearm possession is not a crime of violence are not applicable to this civil statute because the rule of lenity does not apply in the civil context. These arguments, however, are foreclosed by our recent decision in *Downey v. Crabtree*, 100 F.3d 662 (9th Cir.1996).

*Downey* considered an issue quite similar to the issue posed here. Like Davis, Downey had completed the BOP's 500–hour substance-abuse treatment program. Downey, too, was denied a sentence reduction under 28 C.F.R. § 550.58, as interpreted by Program Statement 5162.02, because the BOP concluded that he had committed a "crime of violence." Downey's crime, however, was possession of methamphetamine in violation of 21 U.S.C. 841(a)(1); the BOP concluded that his crime was violent because he had received a sentence enhancement for possession of a dangerous weapon during his drug crime. *Id.* at 665.

The *Downey* court concluded that the BOP could not deny sentence reduction to Downey on the ground that his offense was not nonviolent. While *Downey* did not consider precisely the issue posed in this case-because Downey's offense of conviction was possession of methamphetamine while Davis' is felon firearm possession-the *Downey* court was nevertheless required to address the arguments raised by the BOP in this case.

██ Preliminarily, *Downey* held that while the BOP "has broad discretion to adopt any reasonable definition of 'nonviolent offense' under § 3621(e)(2)(B)," "the Bureau's endowment of broad discretion does not immunize its decisions from judicial review...." *Id.* at 666. For example, we may review the BOP's interpretations for consistency with the plain language of the statute. *Id.* (citing *National R.R. Passenger Corp. v. Boston and Maine Corp.*, 503 U.S. 407, 417, 112 S.Ct. 1394, 1401, 118 L.Ed.2d 52 (1992)). Furthermore, "Bureau of Prison program statements, including the ones adopted to implement § 3621(c)(2)(B), are not subject to

---

**2.** He had determined that, because of the policy statement, pursuit of further administrative remedies would be futile.

**3.** We review de novo a district court's decision to grant or deny a petition for writ of habeas corpus. *Weston v. Kernan*, 50 F.3d 633, 636 (9th Cir.), *cert. denied*, ── U.S. ──, 116 S.Ct. 351, 133 L.Ed.2d 247 (1995).

the 'rigors of the Administrative Procedure Act,' and are, therefore, 'only entitled to some deference.'" *Downey*, 100 F.3d at 666 (citing *Reno v. Koray*, —— U.S. ——, ——, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995)).

According to *Downey*, BOP's characterization of felon firearm possession as a crime of violence rather than a nonviolent offense conflicted with the well-established definitions of these terms in the Ninth Circuit. *Id.* at 667. As the court explained, the Ninth Circuit has considered the meaning of "nonviolent offense" in other contexts, and has held that this phrase must encompass felon firearm possession. *Id.* (citing *United States v. Cantu*, 12 F.3d 1506, 1513 (9th Cir.1993)). Indeed, the Ninth Circuit has also held that the term "crime of violence" is the converse of the term "nonviolent offense," *United States v. Borrayo*, 898 F.2d 91, 94 (9th Cir.1989), and that the term "crime of violence" does not encompass felon firearm possession. *Downey*, 100 F.3d at 667; *United States v. Sahakian*, 965 F.2d 740, 741–43 (9th Cir. 1992). Given the well-established plain meaning of "nonviolent offense," *Downey* concluded that "parity of reasoning dictates that inmates … even if affected by sentence-enhancement factors for [possession of a firearm] … cannot be denied sentence-reduction … on the grounds that their offense was not nonviolent." *Id.*

"Parity of reasoning" dictates the same result here. The only difference between *Downey* and this case is that there possession of a firearm was considered a sentence enhancer while here it is the offense of conviction. The analysis, however, remains the same.[4] *Downey*'s plain language analysis is clear and allows only one conclusion here: the BOP must consider felon firearm possession a nonviolent offense under § 3621(e)(2)(B).

■ Indeed, this conclusion is bolstered by a second strand of *Downey*'s analysis. *Downey* held that the BOP may only look to the inmate's offense of conviction when considering whether an inmate has been convicted of a "nonviolent offense," and may not take into account sentencing enhancers. *Id.* at 668, 669–70 (citing *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). In Downey's case, the offense of conviction was possession of methamphetamine. *Downey* held that because the Ninth Circuit has determined that possession of methamphetamine is a nonviolent offense for the purposes of the sentencing guidelines, *id.* at 668, the BOP must consider possession of methamphetamine a nonviolent offense for the purposes of § 3621(e)(2)(B). *Id.* Thus, *Downey* makes clear that if a crime has been held "nonviolent" by the Ninth Circuit for the purposes of the Sentencing Guidelines, the BOP must consider it "nonviolent" for the purposes of § 3621(e)(2)(B). It follows that, because firearm possession by a felon has also been held nonviolent for the purposes of the Sentencing Guidelines, the BOP must consider it nonviolent for the purposes of § 3621(e)(2)(B).

Thus, the principles established in *Downey* control the outcome here. The BOP must consider inmates convicted of felon in possession of a firearm eligible for sentence reduction under § 3621(e)(2)(B). For the purposes of this statute, felon in possession of a firearm is a nonviolent offense.

The BOP offers some additional arguments not addressed in the opinion in *Downey*, but none of these arguments convinces us that *Downey*'s analysis does not apply here. First, the BOP argues that its interpretation of the term "nonviolent offense" is reasonable in light of VCCLEA § 50001, which has been repealed. *See* Pub.L. No. 103–322, § 50001, 108 Stat.1956 [former 42 U.S.C. 3796ii–2] repealed, Pub.L. No. 104–134, Tit. I, § 101, 110 Stat. 1321 *et seq.* (April 26, 1996). Section 50001 defined a "violent offender" as, *inter alia*, a person who was "convicted of an offense during the course of which … the person carried, possessed, or

---

4. *Downey* explicitly reserved the issue presented here: "Thus, even if firearms possession was the relevant offense in this case, we would not necessarily find that Downey was convicted of a non-violent [sic] offense for purposes of § 3621(e)(2)(B)." *Id.* at 668. (It is apparent that the *Downey* court meant to say *violent* offense, rather than "nonviolent." Otherwise, use of the word "thus" does not make sense. The difference, however, does not affect our analysis: either way, the *Downey* court reserved the question.)

used a firearm." Pub.L. No. 103–322, § 50001, 108 Stat.1956 [Former 42 U.S.C. 3796iii–2(1)–(A)]. The BOP argues that Congress therefore approved the view that possession of a firearm can be considered a violent offense. Reliance on this provision, however, is inappropriate. First, this provision appeared in an unrelated section of VCCLEA formally included in the Public Health and Welfare Title, rather than the Criminal Code; thus, the relationship between these provisions is tenuous at best. Second, this provision was used to sort *types of defendants* who could appear in certain new drug courts, rather than to sort types of offenses. Even those who had merely been *charged* with certain crimes were to be considered as "violent offenders." Thus, this provision served a very different function than that at issue in this case. Nothing in the government's argument here convinces us that *Downey* does not extend to this case.

■ Finally, the BOP argues that the Ninth Circuit cases holding that felon firearm possession cannot be considered a crime of violence should not apply here: those cases involved criminal statutes subject to the rule of lenity, the BOP argues, while this case does not. "In past cases the Court has made it clear that [the rule of lenity] applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

## CONCLUSION

In sum, the BOP may not interpret the term "nonviolent offense" to exclude the offense of felon in possession of a firearm. We are bound by *Downey.* The principles applied there apply with equally dispositive force here.

**AFFIRMED.**