James L. JACKS, Petitioner–Appellant,

v.

Joseph CRABTREE, Warden,
Respondent–Appellee.

Christopher B. ANDERSON,
Petitioner–Appellant,

v.

Joseph CRABTREE, Warden,
Respondent–Appellee.

Anthony M. MASON, Petitioner–
Appellant,

v.

Joseph CRABTREE, Warden,
Respondent–Appellee.

Carter Leroy BROWN, Petitioner–
Appellant,

v.

Joseph CRABTREE, Warden,
Respondent–Appellee.

Nos. 97–35029, 97–35030,
97–35039, 97–35111.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1997.

Decided June 11, 1997.

Stephen R. Sady, Chief Deputy Federal Public Defender, Wendy Rae Willis, Asst. Federal Public Defender, Portland, OR, for petitioners-appellants.

Kenneth C. Bauman, Assistant United States Attorney, Portland, OR, Demetra Lambros, United States Department of Justice, Washington, DC, for respondents-appellees Joseph Crabtree and Kathleen Hawk.

Before: SKOPIL, BRUNETTI and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge.

We decide whether the United States Bureau of Prisons (the Bureau) may deny an inmate who has completed a drug treatment program a one-year sentence reduction because of his prior conviction for a violent crime.

## I

Under the Violent Crime Control and Law Enforcement Act of 1994, 18 U.S.C. § 3621(e)(2)(B), a prisoner who is convicted of a nonviolent offense and completes a required drug treatment program may be eligible for a one-year sentence reduction. All four petitioners here met the statutory criteria: They completed the required program and are currently serving sentences for nonviolent offenses-two for drug dealing, one for being a felon in possession and one for possession of stolen bank funds.

The Bureau, however, ruled them ineligible for the one-year reduction pursuant to the following regulation:

The following categories of inmates are not eligible: ... inmates who have a prior conviction for homicide, forcible rape, robbery, or aggravated assault....

28 C.F.R. § 550.58. Each petitioner has a prior conviction for one of the specified crimes.

Petitioners sought writs of habeas corpus, challenging the Bureau's regulation as violating the enabling statute, 18 U.S.C. § 3621(e)(2)(B), and their due process rights. The district court rejected their claims and petitioners appealed.

## II

Petitioners argue that section 550.58 conflicts with the enabling statute because the statute permits the Bureau to consider only an inmate's current offense of conviction. But nothing in section 3621(e)(2)(B) requires the Bureau to limit eligibility criteria to the current offense of conviction:

The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced by the Bureau of Prisons,* but such a reduction may not be more than one year....

18 U.S.C. § 3621(e)(2)(B) (emphasis added). To the contrary, by providing that a sentence "may be reduced," section 3621(e)(2)(B) gives the Bureau broad discretion to grant or deny the one-year reduction. This conclusion is reinforced by the preceding section of the enabling statute, which states that any prisoner who completes a drug treatment program "shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate." *Id.* § 3621(e)(2)(A). Thus, nothing in the language of the enabling statute limits the Bureau to the current offense of conviction in deciding whether an inmate will be eligible for a sentence reduction.

Petitioners nevertheless cite two of our recent decisions striking down different Bureau eligibility requirements under section 3621(e)(2)(B): *Davis v. Crabtree,* 109 F.3d 566 (9th Cir.1997), and *Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996). Before addressing petitioners' argument, however, we note that *Davis* and *Downey* have little precedential force here. Those cases dealt with eligibility requirements promulgated in Bureau Program Statements to which we owed only "some deference." *See Davis,* 109 F.3d

at 568–69; *Downey,* 100 F.3d at 666. Here, we confront a properly promulgated regulation to which we owe full *Chevron* deference. *See Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984).[1]

Petitioners rely on the statement in *Davis* that *"Downey* held that the [Bureau] may only look to the inmate's offense of conviction when considering whether an inmate has been convicted of a 'nonviolent offense.'" *Davis,* 109 F.3d at 569. Conspicuously absent from this sentence is any mention of an inmate's *current* offense of conviction. Moreover, when put in context, this sentence actually undermines petitioners' argument. *Downey* dealt with a Bureau Program Statement that made ineligible for the one-year reduction an inmate who had *not* been convicted of a violent offense, but had been sentenced based on an enhancement for arguably violent activity-possession of a gun while engaging in a drug transaction. *Downey,* 100 F.3d at 664. We struck down this requirement because our caselaw held that a sentencing enhancement for gun possession didn't convert a nonviolent offense into a violent one. *See id.* at 667–68. Moreover, we noted that "[t]he operative word of § 3621(e)(2)(B) is 'convicted,'" *id.* at 668, but the Bureau Program Statement potentially denied the one-year reduction to inmates who had never been convicted of a violent crime. Here, by contrast, section 550.58 explicitly requires that an inmate have previously been convicted of one of the specified violent crimes, and thus it only looks to an

inmate's offense of conviction as required by *Downey, Davis* and section 3621(e)(2)(B).[2]

## III

■ Petitioners also argue that, even if the Bureau may deny eligibility based on an inmate's prior conviction, it may not do so categorically. *See* 28 CFR § 550.58 ("The following *categories* of inmates are not eligible . . . ." (emphasis added)). Instead, petitioners contend that section 3621(e)(2)(B) requires the Bureau to consider a statutorily eligible inmate's case individually. According to petitioners, by vesting the Bureau with discretion to grant or deny the one-year reduction, section 3621(e)(2)(B) requires the Bureau to exercise this discretion on a case-by-case basis. *See* Petitioners' Opening Br. at 22 ("The existence of discretion requires its exercise."). And, petitioners claim, the Bureau's use of a categorical rule amounts to an abdication of its discretion.

■ This argument is foreclosed by our caselaw and common sense. The caselaw: "[I]t is a well-established principle of administrative law that an agency to whom Congress grants discretion may elect between rulemaking and ad hoc adjudication to carry out its mandate." *Yang v. INS,* 79 F.3d 932, 936 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 83, 136 L.Ed.2d 40 (1996).[3] Thus, "even if a statutory scheme requires individualized determinations, the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." *American Hos-*

---

1. Bureau Program Statements are entitled to less deference than published regulations because they are not promulgated subject to the rigors of the Administrative Procedure Act, including public notice and comment, and are "merely internal guidelines [that] may be altered by the Bureau at will." *Koray v. Sizer,* 21 F.3d 558, 562 (3rd Cir.1994), *rev'd on other grounds sub nom Reno v. Koray,* 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

2. *Davis* and *Downey* both dealt with a different issue from the one presented here. *Davis* struck down a Bureau Program Statement that denied eligibility to an inmate who had been convicted of being a felon in possession because our caselaw held that being a felon in possession was not

a crime of violence. *See Davis,* 109 F.3d at 569. Therefore, both cases dealt with whether an inmate was *eligible* under section 3621(e)(2)(B). Here, the Bureau concedes that petitioners are eligible under section 3621(e)(2)(B), but argues that they are ineligible under the Bureau's regulation creating an additional eligibility requirement.

3. We reject petitioners' attempt to distinguish *Yang* as involving an area of law (immigration) where the relevant agency is afforded special deference. *Yang* simply follows a "well-established principle of administrative law," not some specialized immigration rule. *See Yang,* 79 F.3d at 936.

*pital Assn. v. NLRB*, 499 U.S. 606, 612, 111 S.Ct. 1539, 1543, 113 L.Ed.2d 675 (1991).[4]

Here, the Bureau has exercised its discretion to promulgate a reasonable rule of general applicability which is perfectly consistent with the statutory scheme. The Bureau determined that Congress intended to deny the one-year reduction to potentially dangerous inmates and that a prior violent conviction was a good indicator of potential dangerousness. *See* Respondent's Br. at 23; *see also* H.R. Conf. Rep. No. 103–711, 103d Cong. 381 (1994), *reprinted in,* 1994 U.S.C.C.A.N. 1839, 1849 (section 3621(e)(2)(B) "limit[s] the early release incentive for successful program completion to non-violent offenders."). Therefore the Bureau promulgated section 550.58 to deny eligibility to inmates who had been convicted previously of one of four specified serious violent crimes.[5]

The common sense: By promulgating a reasonable categorical rule, the Bureau ensures predictability and consistency in administration of the one-year sentence reduction program. Were the Bureau precluded from issuing such rules to guide its discretion, petitioners would no doubt complain about the Bureau's standardless decision-making.

**AFFIRMED.**

---

4. We also reject petitioners' claim that section 3621(e)(2)(B) creates a due process liberty interest in the one-year sentence reduction. Not only is section 3621(e)(2)(B) written in nonmandatory language, but denial of the one-year reduction doesn't "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). In fact, denial merely means that the inmate will have to serve out his sentence as expected.

5. In promulgating section 550.58, the Bureau explained that, "[b]ecause state convictions may show a considerable range in the degree of violence used in the offense, the Bureau has chosen to use the above cited categories of crimes, which are reported under the FBI Violent Crime Index, as the sole determinant of violence in the criminal history." *Drug Abuse Treatment Programs: Early Release Consideration,* 60 Fed.Reg. 27,692 (May 25, 1995).