Bruce David BIRTH, Petitioner,

v.

Joseph CRABTREE, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.

No. CV 97–538–HA.

United States District Court, D. Oregon.

March 10, 1998.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, OR, for Petitioner.

Kristine Olson, United States Attorney, District of Oregon, Kenneth C. Bauman, Assistant United States Attorney, Portland, OR, for Respondents.

## AMENDED OPINION & ORDER

HAGGERTY, District Judge.

## I. INTRODUCTION

This matter comes before the court on Petitioner Mr. Bruce Birth's petition for a writ of habeas corpus, Respondent's Answer (construed by this court as a motion to dismiss the petition) and Petitioner's reply. Petitioner's petition for a writ of habeas corpus challenges the ruling by the United States Bureau of Prisons ("BOP") finding him ineligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B).

Upon consideration of the parties briefs, the relevant law, and the record herein, the court rules that (1) Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is ripe for judicial consideration; (2) Petitioner does not have a liberty interest in a sentence reduction under 18 U.S.C. § 3621(e)(2)(B); (3) the BOP has the statutory authority to promulgate program statements that deny inmates with detainers lodged against them eligibility for the DAT program; and (4) Petitioner is not entitled to a sentence reduction. Accordingly, Petitioner's petition for writ of habeas corpus will be denied.

## II. BACKGROUND

Petitioner, a citizen of Canada, is serving a 120–month sentence at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan") for the distribution of cocaine in excess of 500 grams in violation of 21 U.S.C. § 841(A)(1). Joseph Crabtree, Respondent, is the warden at FCI Sheridan.

On June 4, 1996, Petitioner entered the BOP's drug and alcohol treatment program ("DAT program") authorized under 18 U.S.C. § 3621(e). The BOP advised him in 1996[1] that he was ineligible for a sentence reduction because of an Immigration and Natural-

ization Service ("INS") detainer lodged against him.[2] The bases of the BOP's refusal to find Petitioner eligible for such a reduction are BOP Program Statements 5330.10 (May 25, 1995) and 5162.02 (July 24, 1995) (amended April 26, 1996). These program statements specifically exclude all inmates from receiving a one-year reduction in their sentence if they have an INS detainer lodged against them because such inmates cannot be transferred to a Community Corrections Center ("CCC") and thereby complete the community-base treatment phase of the DAT program.

## III. ANALYSIS

As a preliminary matter, this court notes Respondent's argument that this court's jurisdiction to review Petitioner's petition for eligibility is extremely limited. Respondent cites *Wallace v. Christensen,* 802 F.2d 1539, 1542 (9th Cir.1986) for the proposition that, "where Congress has specifically committed the agency [action] to discretion by law, federal courts possess limited jurisdiction [over agency action]." *See* Respondent's Answer at 16.

 Petitioner does not contest this assertion. The Court of Appeals for the Ninth Circuit has recently addressed the scope of review this court has in reviewing a BOP determination of eligibility under 18 U.S.C. § 3621(e)(2)(B). In *Davis v. Crabtree,* 109 F.3d 566, 568 (9th Cir.1997), the court stated the BOP has broad discretion to determine eligibility, but is not immune to judicial review. *Id.* The *Davis* court explained that,

> [The court] may review the BOP's interpretations for consistency with the plain language of the statute. Furthermore, Bureau of Prison program statements, including the ones adopted to implement § 3621(e)(2)(B), are not subject to the rigors of the Administrative Procedure Act,

---

1. It is uncertain on what date Petitioner was informed that he was ineligible for a sentence reduction. Page two of Respondent's answer to Petitioner's petition for writ of habeas corpus informs that on November 12, 1996, the BOP advised Petitioner he was ineligible for a one-year sentence reduction. Page eight of Respondent's answer informs that on May 31, 1996, the BOP advised Petitioner that he was ineligible for

a 12–month sentence reduction. Nevertheless, this fact has no bearing on this outcome of this opinion and order.

2. On July 15, 1992, the INS lodged a detainer with the BOP against Petitioner. The INS requested that Petitioner be turned over to the INS for deportation after serving his federal sentence.

and are, therefore, only entitled to some deference.

*Davis v. Crabtree,* 109 F.3d 566, 568 (9th Cir.1997).

Also, in *Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996), the court wrote the BOP has broad discretion to adopt reasonable definitions of terms under 18 U.S.C. § 3621(e)(2)(B). The *Downey* court explained that despite this broad discretion, the courts "have responsibility to resolve issues of statutory construction." *Id.* at 666. Accordingly, this court holds that this court has jurisdiction to review the BOP determination of petitioner eligibility for the DAT program.

Next, this court must determine the following: (1) whether Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is ripe for judicial consideration; (2) whether Petitioner has a liberty interest in a reduction of sentence under 18 U.S.C. § 3621(e); (3) whether the BOP has the statutory authority to promulgate program statements that deny inmates with detainers lodged against them eligibility for the DAT program; and (4) whether Petitioner is eligible for a sentence reduction pursuant to U.S.C. § 3621(e)(2)(B).

### A. PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 IS RIPE FOR CONSIDERATION

The first issue before the court is whether the court may review a BOP's prospective eligibility determination prior to the prisoner's successful completion of the DAT program.[3] Respondent argues that based on this court's orders in *Bowser v. Crabtree,* Civil Action No. 96–44–HA and *Contreras–Palomares v. Crabtree,* Civil Action No. 96–1715–HA, the present petition should be denied and this action should be dismissed for failure to state a claim upon which relief may be granted. Specifically, Respondent argues that Petitioner must successfully complete the 500–hour residential phase of the DAT program before he can petition this court to review a determination of eligibility for the DAT program by the BOP. Therefore, Respondent concludes that since Petitioner has not completed the 500–hour residential phase of the DAT program, his petition for writ of habeas corpus is not yet ripe for consideration.

■ This court has previously determined that successful completion of the DAT program is not a prerequisite to seeking judicial review of a BOP prospective eligibility determination. *See Johnson v. Crabtree,* Civil Action No. 97–37–HA (D.Or. Dec. 1, 1997) (J. Haggerty). Rather, in *Johnson,* the court held that a prisoner may seek judicial review once the BOP renders its decision regarding prospective eligibility. *Id.* at 4–5.

In the present case, the BOP advised Petitioner that he was ineligible for a reduction in his 120–month guideline sentence on November 12, 1996. Accordingly, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is ripe for consideration.

### B. PETITIONER DOES NOT HAVE A LIBERTY INTEREST IN A REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3621(E)(2)(B)

Petitioner argues that the BOP's decision finding him ineligible for a sentence reduction implicates due process. Specifically, Petitioner argues that BOP denial of benefits conferred by Congress under that 18 U.S.C. § 3621(e)(2)(B) creates a protectable liberty interest since it affects the duration of his confinement. Petitioner argues that the Court of Appeals in *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir.1997) stated that a statute identical to that 18 U.S.C. § 3621(e)(2)(B), "creats [sic] a right to consideration for early release that is valuable and entitled to protection." *See* Petitioner's Reply at 13.

■ The Ninth Circuit Court of Appeals recently addressed precisely this issue in *Jacks v. Crabtree,* 114 F.3d 983 (9th Cir. 1997). In that case, the court rejected the claim that 18 U.S.C. § 3621(e)(2)(B) creates a due process liberty interest in a sentence reduction. *Id.* at 986. As a consequence, this court holds that Petitioner does not have

---

**3.** Prospective eligibility determinations made by the BOP are merely provisional and remain subject to completion of the entire DAT program.

a liberty interest in a reduction of sentence under 18 U.S.C. § 3621(e)(2)(B).

### C. THE BOP HAS THE STATUTORY AUTHORITY TO PROMULGATE PROGRAM STATEMENTS THAT DENY INMATES WITH DETAINERS LODGED AGAINST THEM ELIGIBILITY FOR THE DAT PROGRAM

Petitioner contends that a BOP program statement that denies inmates with INS detainers lodged against them eligibility for the DAT program would frustrate the operation of the authorizing statute. Specifically, Petitioner argues that the requirement that a prisoner satisfy all three components of the program is inconsistent with the purpose of 18 U.S.C. § 3621(e)(2)(B). Petitioner cites *Cort v. Crabtree* for the proposition that the purpose of 18 U.S.C. § 3621(e)(2)(B) is to provide prisoners with an incentive to complete the DAT program. Thus, Petitioner argues that since the community-based treatment phase of the DAT program during the last six months of his sentence leaves no time in custody remaining to be reduced, it therefore "defies common sense." *See* Reply at 3.

On September 13, 1994, Congress passed the Violent Crime Control and Law Enforcement Act of 1994 which, *inter alia*, directed the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addition or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to obtain treatment while in custody, Congress vested the BOP with the authority to reduce the "period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program ... but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

Section 3621 was enacted without an explicit requirement that the prisoner complete a community-based treatment phase to be eligible for a sentence reduction. However, the BOP is permitted to promulgate Bureau Program Statements to assist its staff in interpreting 18 U.S.C. § 3621(e)(2)(B). *See Downey*, 100 F.3d at 665.[4]

After 18 U.S.C. § 3621(e)(2)(B) was enacted, the BOP promulgated Program Statement 5330.10, which established requirements for the DAT program and includes community transitional services, or a community-based treatment phase, as one component of the DAT program. The requirement of a community-based treatment phase was included as part of the overall DAT program following public comment to the BOP's amended regulations on DAT programs and was published and became effective on May 17, 1996. Furthermore, Program Statement 5330.10, Chapter 6, page 1, which appears at 28 C.F.R. § 550.58, provided that qualifications for early release under 18 U.S.C. 3621(e)(2)(B) includes, "subsequent transitional services in a community-based program (i.e. in a Community Corrections center or on home confinement)...." Also, the implementing language in Program Statement 5330.10, Chapter 6, page 2 provides that, "[f]or early release consideration under § 3621(e) ... an inmate must be able to participate in community-based programs so as to complete the transitional services component of treatment in a Community Corrections Center or on home confinement."

■ This court finds that the requirement that prisoners successfully complete the DAT program, including the community-based transition phase of treatment, is not inconsistent with the purpose of the 18 U.S.C. § 3621(e)(2)(B). Consequently, this court holds that the BOP has the statutory authority to promulgate program statements that

---

**4.** The statute expressly instructs the BOP to "make arrangements for appropriate aftercare." 18 U.S.C. § 3621(e)(2)(B). Case law recognizes that this affords the BOP broad discretion in administering prisoners' sentences, even after the DAT program has been completed. *Downey v. Crabtree*, 100 F.3d at 670. In *Downey*, the court wrote that,

> Section 3621(e)(2)(B) ... reflects unequivocal congressional intent to leave to the Bureau

final decisions regarding whether to grant eligible inmates a sentence reduction *following* successful completion of a drug-abuse treatment program.

*Id.* (emphasis added).

This discretion is independent of BOP discretion in promulgating BOP Program Statement 5330.10, which establishes requirements for the DAT program.

deny inmates, including those with detainers lodged against them, eligibility for the DAT program if they would be unable to complete the community-based treatment phase of treatment.

### D. PETITIONER IS NOT ELIGIBLE FOR A SENTENCE REDUCTION PURSUANT TO 18 § 3621(E)(2)(B).

Finally, this court must now consider whether the BOP has properly decided that Petitioner is ineligible for a reduction in sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). Petitioner argues that he should prevail on the merits because he was convicted of a nonviolent offense and that the plain meaning of the statute indicates that the benefits of 18 U.S.C. § 3621(e)(2)(B) apply to prisoners who were convicted of nonviolent offenses regardless of whether they have INS detainers. Petitioner furthermore argues that 18 U.S.C. § 3621(e)(2)(B) actually anticipates that federal prisoners with INS detainers are eligible for the DAT program.

### 1. The benefits of the 18 U.S.C. § 3621(e)(2)(B) do not apply to prisoners with INS detainers, even if they are convicted of a nonviolent offense

Petitioner contends that the plain meaning of the statute indicates that the sole requirements to be entitled to a sentence reduction are conviction of a nonviolent offense and successful completion of the DAT program. Petitioner argues that since case law has tied eligibility in the DAT program to conviction of a nonviolent offense, successful participation in the community-based treatment phase for prisoners with INS detainers cannot be required as a prerequisite for completing the program. Petitioner notes in support of this argument that the statute does not explicitly require prisoners to complete the community-based treatment phase.

Petitioner argues that this case is controlled by *Downey v. Crabtree* 100 F.3d 662 (9th Cir.1996) and *Davis v. Crabtree* which focus on the plain meaning of the statute. Petitioner argues that *Downey* stands for the proposition that a court may not consider factors other than the offense of conviction in determining eligibility for the DAT program.

In *Downey,* the court cited its opinion in *United States v. Cantu,* 12 F.3d 1506, 1513 (9th Cir.1993), for the proposition that the BOP was not permitted to deny sentence reduction eligibility to a prisoner convicted of being a felon in possession of a firearm. *Downey* 100 F.3d at 667. However, the *Downey* court's ruling did not address the issue of whether prisoners, including those with INS detainers lodged against them, who are categorically unable to *complete* the DAT program are ineligible for participation in it. In *Downey,* the court presumed that prisoners who are eligible for DAT program are otherwise able to fulfill the requirements of the DAT program. Indeed, and in support of this interpretation of the statute, the *Downey* court explained that prior convictions are *generally,* but not always, the only consideration before a court in determining whether a prisoner is eligible for participation in the DAT program. *Id.* at 670.

In the present case, Petitioner has an INS detainer lodged against him and is consequently unable to fulfill the requirements of the community-based treatment phase. Although Petitioner is eligible to participate in the DAT program, his inability to satisfactorily fulfill its requirements and complete the DAT program will render him ineligible for a sentence reduction.

Petitioner's own interpretation of the statute confirms this interpretation of the statute. Petitioner writes that, "[t]he discretion afforded the BOP in the statute relates... to determining whether to grant an eligible inmate the sentence reduction upon completion of the program." *See* Petitioner's reply at 8.

■ Therefore, this court concludes that the benefits of the § 3621(e) do not apply to prisoners with INS detainers, regardless of whether they are convicted of a nonviolent offense.

### 2. Section 3621(e) does not anticipate that federal prisoners with INS detainers will be eligible for the DAT program

Next, Petitioner asserts that the BOP is required to exempt a prisoner with INS de-

tainers from some of the requirements of the DAT program. In this case, the INS detainer lodged against Petitioner will prevent him from completing the entire DAT program, specifically the community-based treatment phase.

The Ninth Circuit has recognized that the lodging of a detainer can have a "deleterious effect" on a prisoner. *Snyder v. Sumner*, 960 F.2d 1448, 1452 (9th Cir.1992). In *Snyder*, the court wrote,

> First, [a detainer] may make the prisoner ineligible for desirable work or educational assignments. If the prisoner is constantly shuttled from one facility to another, prison officials may be reluctant to permit him to participate in rehabilitation programs. Second, a detainer reduces the prisoner's incentive to participate in work, education, and other programs that help rehabilitate him and improve his chances for early parole.... Third, a detainer tells the prisoner that he may have to stand trial elsewhere, but does not provide him with a vehicle for going there immediately to secure witnesses and take other steps to preserve his defense.

*Id.*

In this case, the INS detainer lodged against Petitioner clearly has a deleterious effect on the Petitioner. It precludes him from participating in one phase of the DAT program and therefore renders him ineligible for a sentence reduction under § 3621(e). However, case law anticipates a deleterious effect on prisoners with INS detainers lodged against them. Thus, this court holds that Petitioner's INS detainer does not exempt him from the requirements of the DAT program.

## CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus is denied.