Larry TODD, Petitioner,

v.

Joseph SCIBANA, Respondent.

No. 99–71637.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 3, 1999.

Larry Todd, pro se.

Ross MacKenzie and Patricia Gaedeke, Assistant U.S. Attorneys, Detroit, MI, for Respondent.

## OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS

EDMUNDS, District Judge.

Larry Todd, currently incarcerated at the Federal Correctional Institution in Milan, Michigan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from the Bureau of Prisons' (BOP) determination that he is not eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program because of a two point sentence enhancement he received for possession of a firearm in connection with his drug conviction. As discussed more fully below, the BOP may not rely upon a sentence enhancement in determining whether a drug treatment program participant is eligible for a sentence reduction. Accordingly, the petition for writ of habeas corpus is GRANTED.

## I. Procedural History

The facts in this case are not in dispute. On September 9, 1997, petitioner was sentenced to one hundred and twenty (120) months in prison and a five-year term of supervised release after being convicted in the United States District Court for the Western District of Wisconsin for conspiracy to manufacture marijuana, contrary to 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Petitioner is incarcerated at the Federal Correctional Institution in Milan, Michigan, where he completed the Bureau's drug education program and enrolled in the BOP's Comprehensive Drug Abuse Treatment (DAT) program. Petitioner was informed that although he could participate in this program, he would be ineligible for a one year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because of a two point sentence enhancement that he had received under the Federal Sentencing Guidelines for possession of a firearm in connection with his drug conviction. After exhausting his administrative remedies, petitioner filed an application for writ of habeas corpus on April 5, 1999.

## II. Statement of Jurisdiction

■■■■ This Court has jurisdiction to hear this petition. A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998); *United States v. Logan*, 22 F.Supp.2d 691, 693 (W.D.Mich. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *Scroger v. Booker*, 39 F.Supp.2d 1296, 1299 (D.Kan.1999)(internal citations omitted). Moreover, the mere fact that petitioner has not yet begun his drug treatment program does not make the filing of this petition premature. Successful completion of a drug and alcohol treatment program is not a prerequisite to a federal inmate seeking judicial review of a Bureau of Prisons' determination of prospective eligibility for sentence reduction under section 3621(e)(2)(B). Thus petitioner's habeas petition, which was filed after the Bureau's determination of his eligibility, is ripe for consideration. *Birth v. Crabtree*, 996 F.Supp. 1014, 1016 (D.Or.1998).

## III. Analysis

### A. Background

In 1994, Congress passed the Violent Crime and Control Act of 1994 ("Act"). The Act directed the BOP to make substance abuse treatment available for each prisoner the Bureau determines has a treatable condition of substance abuse or addiction. 18 U.S.C. § 3621(b). As an incentive to get inmates to participate in these programs, Congress provided that:

> [t]he period a prisoner *convicted of a nonviolent offense* remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B)(emphasis added).

Although Congress defined several terms contained in this subsection, it did not define the term "convicted of a nonviolent offense." *Downey v. Crabtree*, 100 F.3d 662, 664 (9th Cir.1996). To implement the Act, as well as to establish certain criteria for sentence reductions under section 3621(e)(2)(B), the BOP promulgated 28 C.F.R. § 550.58 on May 25, 1995 and issued Program Statement (PS) 5162.02 on July 24, 1995.

The regulation defined "prisoner convicted of nonviolent offense" to mean a prisoner whose "current offense" does not meet the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3).[1] 28

---

1. That section defines "crime of violence" as

"an offense that is a felony and—(A) has as an

C.F.R. § 550.58. The regulation also established certain criteria under which the BOP would categorically refuse to exercise its discretion to grant early release. Program Statement 5162.02 divided criminal offenses into four categories for determining an inmate's eligibility for a sentence reduction under the statute:

(1) criminal offenses that are crimes of violence in all cases;

(2) criminal offenses that may be crimes of violence depending on the base offense level assigned [under the Federal Sentencing Guidelines];

(3) criminal offenses that may be crimes of violence depending on the specific offense characteristic assigned; and

(4) criminal offenses that may be crimes of violence depending on a variety of factors.

When a prisoner's sentence included a two point enhancement under U.S.S.G. § 2D1.1(b)(1) for being in possession of a firearm, the BOP "categorically ruled" that such possession "automatically converts a predicate offense into a crime of violence". *Downey,* 100 F.3d at 663.

Several federal circuits rejected the BOP's categorical denial of sentence reductions based on sentence enhancements. Many of the courts reasoned that the statute itself speaks only in terms of the offense of conviction, and considered this to be a limit on the BOP's discretion to define nonviolent crimes with respect to other factors. *See Roussos v. Menifee,* 122 F.3d 159 (3rd Cir.1997)(statute speaks clearly and unambiguously; operative word is "convicted"); *Martin v. Gerlinski,* 133 F.3d 1076 (8th Cir.1998)(BOP must look to offense of conviction to determine whether if meets definition of nonviolent crime); *Fristoe v. Thompson,* 144 F.3d 627 (10th

Cir.1998)(BOP may not categorically exclude from consideration for early release upon completion of drug treatment program an inmate convicted of a nonviolent offense whose sentence is enhanced for possession of a weapon); *Byrd v. Hasty,* 142 F.3d 1395, 1397 (11th Cir.1998)(BOP could not rely on an inmate's firearm sentence enhancement to deny his application for sentence reduction under section 3621, ruling that convictions in violation of 21 U.S.C. §§ 846 and 841(a)(1) are not crimes of violence and that section 3621(e)(2)(B) addresses the act of conviction and not sentencing or sentence enhancement factors); *See also Bush v. Pitzer,* 133 F.3d 455 (7th Cir.1997).[2]

In response to these cases, the Bureau of Prisons adopted a revised regulation, 28 C.F.R. § 550.58, in October, 1997. The revised regulation abandoned its incorporation of the "crime of violence" definition in 18 U.S.C. § 924(c)(3) and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. Specifically, 28 C.F.R. § 550.58(a)(1)(vi)(B) indicates that inmates whose current offense is a felony which involved "the carrying, possession or use of a firearm or other dangerous weapons or explosives" are not eligible for early release under section 3621(e)(2)(B).

To aid BOP staff in understanding and implementing these amendments to the regulation, the BOP issued Program Statement 5162.04, "Categorization of Offenses", effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons."

element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).

**2.** The Fifth Circuit did uphold the BOP's regulation and program statement. *See Venegas v. Henman,* 126 F.3d 760, 763 (5th Cir.1997); *cert. den.* 523 U.S. 1108, 118 S.Ct. 1679, 140 L.Ed.2d 817 (1998).

Section 7 of P.S. 5162.04 further provides that BOP staff must look at sentence enhancement factors, such as possession of a firearm, which would subject a defendant to sentence enhancement under U.S.S.G. § 2D1.1 and § 2D1.11. Section 7 reasons that this particular "Specific Offense Characteristic" would "pose a serious potential risk that force may be used against persons or property." *Id.*

Section 7 of P.S. 5162.04 goes on to state specifically that an inmate who is convicted of manufacturing drugs under 18 U.S.C. § 841 and receives a two-level sentence enhancement for possession of a firearm "has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits" [including early release]. *Id.*

Under the revised scheme, the regulation no longer categorizes a drug offense with a sentence enhancement as a crime of violence under 18 U.S.C. § 924(c)(3), but rather classifies it as an offense committed with a high degree of risk of harm. Within this classification, the BOP denies early release for successful completion of the drug treatment program.

### B. BOP Cannot Categorically Deny Reduction Based on Sentence Enhancement

#### 1. Standard of Review

█ A court must defer to an agency's regulation adopted pursuant to a statute where the agency interpretation is based on a permissible construction of the statute. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Chevron* established a two-part test for examining the sufficiency of a regulation such as the one at issue in this case. First, the court must look to the expressed intent of Congress. If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent · of Congress."

*Chevron,* 467 U.S. at 842–43, 104 S.Ct. 2778. If the statutory language is ambiguous or silent on an issue, the court must then consider "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778. If the interpretation is reasonable, it is entitled to controlling weight unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844, 104 S.Ct. 2778.

█ With respect to the new program statement, the interpretation is likewise entitled to deference if it is a permissible construction of the statute. *Reno v. Koray,* 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). However, program statements are entitled to less deference than regulations because they are internal guidelines that can be altered at the will of the Bureau. *Id.* Further, as with regulations, no deference is due program statements that conflict with the clearly expressed intent of Congress. *National R.R. Passenger Corp. v. Boston & Maine Corp.,* 503 U.S. 407, 417, 112 S.Ct. 1394, 118 L.Ed.2d 52 (1992).

#### 2. Statute is Clear and Unambiguous

█ The BOP's categorical denial of early release credits to inmates convicted under 21 U.S.C. § 841(a) who also received a sentence enhancement for possession of a firearm conflicts with the plain language of 18 U.S.C. § 3621(e)(2)(B). The statute provides that prisoners "convicted of a nonviolent offense" are potentially eligible for a one year sentence reduction. 18 U.S.C. § 3621(e)(2)(B). According to the statutory framework, the BOP may only look to the inmate's *offense of conviction* in considering whether an inmate has been convicted of a 'nonviolent offense' and may not take into account sentence enhancements. *Fristoe v. Thompson,* 144 F.3d 627, 631 (10th Cir.1998); *Downey,* 100 F.3d at 668–70; *See also Davis v. Crabtree,* 109 F.3d 566, 569 (9th Cir.1997). Taking into account sentencing enhancements "abrogates the word 'convicted' in

the statute and exceeds the authority given the BOP." *Guido v. Booker*, 37 F.Supp.2d 1289, 1301 (D.Kan.1999).

In the present case, both the warden and the regional director based their decision to exclude petitioner from consideration for early release because of his two point sentence enhancement for being in possession of a firearm, as required by Program Statement 5162.04. This Court finds this approach to be an impermissible construction of the enabling statute. The BOP cannot turn a non-violent offense into a violent offense simply by the application of sentencing enhancements. *Guido*, 37 F.Supp.2d at 1302. "The intent of Congress in enacting 18 U.S.C. § 3621(e)(2)(B) is clear. The statute refers to a nonviolent offense and does not contemplate the consideration of any sentencing factors." *Hicks v. Brooks*, 28 F.Supp.2d 1268, 1272–73 (D.Colo.1998).

The fact that the revised regulation and program statement make the determination a matter of BOP discretion, does not render the cases decided based on the former regulation and program statement unpersuasive. *See, e.g., Roussos v. Menifee*, 122 F.3d 159 (3rd Cir.1997); *Martin v. Gerlinski*, 133 F.3d 1076 (8th Cir.1998); *Fristoe v. Thompson*, 144 F.3d 627 (10th Cir.1998); (*Byrd v. Hasty*, 142 F.3d 1395, 1397 (11th Cir.1998)). Those cases enunciated a restriction on the BOP's discretion in this context based on the express wording of the statute. The relevant statutory language has not changed.

■ The amendments to both 28 C.F.R. § 550.58(a)(1) and P.S. 5162.04 appear to be an attempt by the BOP to circumvent the line of federal circuit court cases which hold that the BOP cannot use a sentence enhancement to conclude that a prisoner has not been convicted of a nonviolent offense. The BOP's new rules violate well-established principles of *stare decisis* and administrative law prohibiting agency rules that conflict with judicial interpretations of the relevant statute. An agency cannot alter the statutory construction of federal courts. *Gavis v. Crabtree*, 28 F.Supp.2d at 1267; (citing *Neal v. United States*, 516 U.S. 284, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996)).

This Court holds that petitioner, who was convicted of a nonviolent drug offense and whose sentence was enhanced for possession of a firearm, is not categorically ineligible to receive a one year sentence reduction made available under 18 U.S.C. § 3621(e)(2)(B) for prisoners convicted of 'nonviolent offenses' upon completion of a drug treatment program. *See Ward v. Booker*, 38 F.Supp.2d 1258, 1269–1270 (D.Kan.1999); *Scroger v. Booker*, 39 F.Supp.2d 1296 (D.Kan.1999); *Williams v. Clark*, 1999 WL 345992 (C.D.Cal.1999); *Hicks v. Brooks*, 28 F.Supp.2d 1268, 1273 (D.Colo.1998). *See also Kilpatrick v. Houston*, 36 F.Supp.2d 1328 (N.D.Fla. 1999)(BOP regulation that automatically excludes from eligibility any prisoner whose offense 'involved the carrying, possession, or use of a firearm' was invalid).[3]

---

**3.** Although the Sixth Circuit has yet to rule on the validity of the new regulation and program statement, a recent Sixth Circuit case supports the analysis here. In *Taylor v. Pontesso*, 182 F.3d 918, 1999 WL 455312 (6th Cir. June 23, 1999)(unpublished), the Sixth Circuit held that the BOP cannot deny prisoners *convicted in the first instance of a firearm offense* an opportunity for a sentence reduction under the statute. The Sixth Circuit stated, "Possession of firearm offenses, such as those defined in § 922(g), do not constitute crimes of violence which would prohibit individuals charged with such offenses from being eligible for a sentence reduction of up to one year upon completion of a drug abuse pro-

gram." *Taylor*, 182 F.3d 918, 1999 WL 455312, at *1, citing *Orr v. Hawk*, 156 F.3d 651, 655–56 (6th Cir.1998)(BOP's exclusion of mere possessory offenders from consideration for early release in accordance with the provisions of § 3621(e)(2)(B) is improper). In keeping with these cases, it seems likely that the Sixth Circuit would not allow a firearm sentence enhancement to change an otherwise non-violent offense into a violent offense for purposes of the statute.

This Court is aware that another judge in this district upheld the validity of the old regulation and program statement. *See La-Plante v. Pontesso*, 961 F.Supp. 186

Accordingly, the writ of habeas corpus is GRANTED.

### 3. BOP Still Has Broad Discretion

 Although this Court grants the Petitioner's writ of habeas corpus, the Court emphasizes that the discretion granted to the Bureau of Prisons by the statute's language is otherwise quite broad. The BOP has broad discretion over the entire drug treatment process within the federal corrections system. Like the drug treatment placement decisions, decisions regarding whether to grant or deny eligible inmates a sentence reduction under section 3621(e) remain within the Bureau's discretion. While eligibility for early release under section 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute vests the BOP with broad discretion to grant or deny sentence reductions to eligible prisoners based upon factors other than the categorical restrictions currently imposed. *Guido v. Booker*, 37 F.Supp.2d at 1302 (internal citations omitted).

### IV. Conclusion

IT IS HEREBY ORDERED that the BOP reconsider petitioner's request for a sentence reduction without regard to any sentencing enhancement, in accordance with this opinion.

IT IS FURTHER ORDERED that this court will retain jurisdiction over this matter to insure that petitioner's sentence reduction is promptly and appropriately reconsidered.

IT IS FURTHER ORDERED that respondent reconsider Petitioner's eligibility for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) on or before August 20, 1999 and file a status report no later than August 27, 1999, informing the court what action has been taken to comply with this order.

IT IS SO ORDERED.

(E.D.Mich.1997)(Rosen, J.) However "although unanimity in a district is always beneficial, regrettably this Court cannot reach the same result." *Bailey v. United States*, 941 F.Supp. 82, 85 (E.D.Mich.1996).