Shawn James WOODALL, Petitioner—
Appellant,

v.

Joe D. DRIVER, Warden,
Respondent—
Appellee.

No. 04–56596.

D.C. No. CV–04–00168–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 11, 2005.

Shawn James Woodall, Fort Dix, NJ, Pro se.

Anne K. Perry, USSD—Office of the U.S. Attorney, San Diego, CA, for Respondent—Appellee.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

MEMORANDUM**

Shawn James Woodall appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition challenging the

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Prison's ("BOP") denial of a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir.2000) (per curiam), and we affirm.

Woodall contends the BOP improperly denied the 108–day sentence reduction he earned pursuant to 18 U.S.C. § 3621(e)(2)(B) through participation in the prison's residential drug abuse program. We disagree. The record indicates the BOP properly exercised its discretion to ultimately deny the sentence reduction based on Woodall's escape from custody prior to his completion of all the components of the treatment program. *See Bowen*, 202 F.3d at 1220–22 (explaining eligibility determinations under section 3621(e)(2)(B) are provisional until treatment is fully completed).

Woodall also contends he was entitled to notice and an opportunity to be heard prior to the BOP finding he had forfeited his sentence reduction. We conclude this contention fails because section 3621(e)(2)(B) does not create a due process liberty interest in the sentence reduction. *See Jacks v. Crabtree*, 114 F.3d 983, 986 n. 4 (9th Cir.1997).

Woodall waived his remaining contentions by failing to raise them before the district court. *See Taniguchi v. Schultz*, 303 F.3d 950, 958–59 (9th Cir.2002).

The Clerk shall file Woodall's motion to strike received on January 21, 2005. The motion is denied.

**AFFIRMED.**