**Charles FURGUIEL, Petitioner–Appellant,**

**v.**

**Michael L. BENOV, Warden, Respondent–Appellee.**

**No. 96–56756.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 5, 1998.

Opinion Filed March 10, 1998.

Opinion Withdrawn Aug. 25, 1998.

Decided Aug. 25, 1998.

Charles D. Weisselberg, Supervisor, and Khai Lequang, Student, Post–Conviction Justice Project, University of Southern California Law School, Los Angeles, California, for petitioner-appellant.

Jean Rosenbluth, Assistant United States Attorney, Los Angeles, California, for respondent-appellee.

Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.

### ORDER

LAY, Circuit Judge:

The court's opinion filed on March 10, 1998, is withdrawn.

### OPINION

Charles Furguiel, a federal prisoner, filed a petition for a writ of habeas corpus to challenge the Bureau of Prisons' ("BOP") decision to deny him a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). The district court denied the petition. We affirm.

### I.  Background

Section 3621(e)(2)(B) permits the BOP to reduce the sentence of a prisoner convicted of a nonviolent offense by up to one year, if the prisoner successfully completes a designated drug treatment program.[1]  Furguiel is

---

* Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

**1.**  Section 3621(e)(2)(B) provides:

The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be

serving a forty-eight-month sentence for a 1994 conviction for using the U.S. Mail to distribute methamphetamine, in violation of 21 U.S.C. § 843(b). Furguiel also has a prior conviction for armed robbery. On May 10, 1995, Furguiel entered a designated treatment program with the intent to seek a one-year reduction of his sentence pursuant to § 3621(e)(2)(B).

On May 25, 1995, the BOP promulgated 28 C.F.R. § 550.58 which implements § 3621(e)(2)(B). Section 550.58 denies eligibility for a § 3621(e)(2)(B) sentence reduction to any prisoner whose current offense is a crime of violence or who has a "prior federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault." 28 C.F.R. § 550.58 (1995).[2] The same day, the BOP issued Program Statement 5330.10 ("P.S.5330.10") which lists eligibility under § 550.58 as a qualification for early release. At the end of June 1995, and based on § 550.58 and P.S. 5330.10, the BOP notified Furguiel he was not eligible for a § 3621(e)(2)(B) sentence reduction because of his prior conviction for armed robbery. Despite this notification of his ineligibility for the sentence reduction, Furguiel continued participating in the treatment program, and he completed it on April 26, 1996.

After exhausting his administrative remedies, Furguiel filed a petition for writ of habeas corpus in the United States District Court, pursuant to 28 U.S.C. § 2241, arguing the BOP exceeded its statutory authority and violated his constitutional rights when it categorically denied eligibility for § 3621(e)(2)(B) sentence reductions to all prisoners who have prior convictions for violent offenses. The district court[3] adopted the magistrate judge's[4] report and recommendation in its entirety and denied Furguiel's petition. *Furguiel v. Benov,* No. CV–96–3269 (C.D.Cal. Sept. 12, 1996) (order adopting findings, conclusions and recommendations of United States Magistrate Judge). The district court concluded the BOP did not exceed its statutory authority when it decided all prisoners who have prior convictions for violent offenses are not eligible for § 3621(e)(2)(B) sentence reductions.[5] Furguiel appeals.

## II. Discussion

Furguiel raises several challenges to the BOP's decision to deny him a sentence reduction.[6] First, he urges the Ninth Circuit's recent decision in *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir.1997), *rev'g Martin v. Crabtree,* 945 F.Supp. 215 (D.Or.1996), precludes the retroactive application of § 550.58 to deny him a sentence reduction. Specifically, Furguiel argues *Cort* prohibits the BOP from retroactively imposing new eligibility criteria for § 3621(e)(2)(B) sentence reductions, and the BOP has retroactively

---

reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.
18 U.S.C. § 3621(e)(2)(B) (1994).

2. Section 550.58 states in relevant part:
An inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months ... unless the inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. 924(c)(3), or unless the inmate has a prior federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault.
28 C.F.R. § 550.58.

3. Honorable Lourdes G. Baird, United States District Judge for the Central District of California.

4. Honorable Robert N. Block, United States Magistrate Judge for the Central District of California.

5. The district court did not explicitly address Furguiel's claim that the BOP violated his constitutional rights.

6. Furguiel originally challenged the BOP's authority to decide, via § 550.58, that all prisoners who have prior convictions for violent offenses such as robbery are not eligible for § 3621(e)(2)(B) sentence reductions. After Furguiel filed his brief, a panel of the Ninth Circuit addressed this precise argument in *Jacks v. Crabtree,* 114 F.3d 983, 984 (9th Cir.1997), *cert. denied,* — U.S. —, 118 S.Ct. 1196, 140 L.Ed.2d 325 (1998). This court concluded the BOP, acting under § 550.58, did not exceed its statutory authority when it denied § 3621(e)(2)(B) sentence reductions to all prisoners who have prior convictions for a violent offense. *Jacks,* 114 F.3d at 984. Furguiel's counsel has now conceded the BOP's authority to deny a prisoner a § 3621(e)(2)(B) sentence reduction because of a prior conviction for a violent offense.

imposed new eligibility criteria on him. Therefore, we review *Cort.*

The petitioners in *Cort* were serving sentences for current convictions of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). *Cort,* 113 F.3d at 1082. Like Furguiel, each petitioner voluntarily entered a designated drug treatment program before the BOP promulgated 28 C.F.R. § 550.58.[7] *Id.* On July 11, 1995, the BOP notified two of the *Cort* petitioners they were each eligible for a § 3621(e)(2)(B) sentence reduction. *Id.* On July 24, 1995, the BOP issued Program Statement 5162.02 ("P.S.5162.02") which stated, in part, that § 2113(a) offenses may or may not render a prisoner ineligible for a § 3621(e)(2)(B) sentence reduction, depending upon the characteristics of the offense as specified in the prisoner's presentence report. *Cort,* 113 F.3d at 1083. On January 18, 1996, the BOP notified the third *Cort* petitioner he was eligible for a sentence reduction. *Id.*

On April 23, 1996, the BOP issued "Change Notice CN–01" which amended P.S. 5162.02 to categorize all bank robbery offenses as crimes of violence. Approximately two weeks later, the BOP notified each petitioner that because of Change Notice CN–01, their current offenses of conviction (unarmed bank robbery) were now defined as "crimes of violence." *Id.* Thus, the BOP notified each of the petitioners he was now ineligible for a § 3621(e)(2)(B) sentence reduction. *Id.*

The petitioners completed the treatment program and sought federal habeas corpus relief, raising numerous arguments that the district court rejected. *Cort,* 113 F.3d at 1083. The petitioners appealed, limiting their appeal to the district court's rejection of their retroactivity and estoppel arguments. *Id.*

In addressing the appeal, the *Cort* panel concluded that with respect to the three petitioners, the BOP could and did determine prospectively that they were eligible for sentence reductions subject only to program completion. *Cort,* 113 F.3d at 1085. Because Change Notice CN–01 did not indicate any intent by the BOP to apply it retroactively to reverse these prior eligibility determinations, this court concluded Change Notice CN–01 could not be construed as applying retroactively.[8] *Id.* at 1086. Therefore, the court found the petitioners had a right to be considered for early release upon successful completion of a designated treatment program. *Id.* The panel ultimately held Change Notice CN–01 applies only to those prisoners "who had neither entered a treatment program nor received favorable eligibility determinations as of the date of its issuance." *Cort,* 113 F.3d at 1086–87.

Furguiel argues this holding prevents the BOP from applying 550.58 to him, because he entered the treatment program two weeks before the BOP promulgated § 550.58. We disagree. First, it is clear that Furguiel's case is distinguishable from *Cort v. Crabtree* because in the latter case, as we discussed earlier, the BOP had notified the petitioners that they were eligible for a § 3621(e)(2)(B) sentence reduction. In the present case, Furguiel was never given such notice and did not realize any similar expectation. Although the *Cort* holding speaks in the disjunctive when it refers to prisoners who had neither entered a treatment program nor received favorable eligibility determinations, we are satisfied that Furguiel's mere entry into the treatment program, prior to the promulgation of § 550.58, did not in itself provide an expectation of eligibility for early release under § 3621(e)(2)(B).[9]

---

7. Section 550.58 provides in part that inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3) are ineligible for § 3621(e)(2)(B) sentence reductions. Section 924(c)(3) defines a crime of violence as

> an offense that is a felony and ... has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or ... that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

8. Because the court concluded Change Notice CN–01 cannot be construed as applying retroactively, it did not address the petitioners' other arguments. *Cort,* 113 F.3d at 1084.

9. *Cort* makes clear that the BOP "remains bound by its initial determination that appellants are statutorily eligible for sentence reduction under 18 U.S.C. § 3621(e)(2)(B)...." *Cort,* 113 F.3d at 1087. *Cort* also recognizes, however, that the BOP retained discretion as a final matter to grant early release. *Id.*

■ Moreover, since the issuance of our earlier opinion of March 10, 1998, the Fifth Circuit has filed two cases dealing with circumstances similar to those in this case. *See Royal v. Tombone,* 141 F.3d 596 (5th Cir. 1998), and *Wottlin v. Fleming,* 136 F.3d 1032 (5th Cir.1998). Taken together, these cases reason that a prisoner's eligibility for early release under § 3621(e)(2)(B) has always been subject to the discretion of the BOP. Thus, considering this circuit's precedent and the subsequent Fifth Circuit cases, at the very least, a prisoner's expectation of early release may only arise when the BOP makes a *lawful* determination of the prisoner's eligibility and *then* informs the prisoner of such eligibility. This is all we need to decide today. In order to urge a retroactivity argument, a prisoner's notice of eligibility for early release must have accrued prior to the promulgation of § 550.58. Under the factual circumstances of this case, we find that Furguiel has failed to demonstrate any settled expectation of legitimate eligibility for early release under § 3621(e)(2)(B).[10]

Furguiel also argues the BOP's retroactive application of § 550.58 exceeds the BOP's statutory authority and violates the Ex Post Facto Clause of the Constitution. Because of our conclusion that the BOP's application of § 550.58 to deny Furguiel a sentence reduction did not retroactively impair any legitimate right or expectation held by Furguiel, we will not reach these challenges. Further, we find Furguiel's equitable and promissory estoppel arguments are without merit.

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.

---

10. Furguiel has sought rehearing on the basis that our original opinion was contrary to our opinion in *Jacks v. Crabtree,* 114 F.3d 983 (9th Cir.1997). While the government concedes that our statement, that Furguiel was not eligible for early release under the plain terms of § 3621(e)(2)(B) because he had a prior conviction for armed robbery, was incorrect, the government argues that nevertheless we must deny

Furguiel's request for rehearing. We agree. Our holding, that the BOP properly exercised its discretion in denying Furguiel early release, does not turn on whether Furguiel was eligible under the plain terms of the statute.

* Hon. Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.