**Robert J. TEZAK, Petitioner—
Appellant,**

v.

**John PENDLETON, Respondent—
Appellee.**

No. 01–16868.

D.C. No. CV–00–00049–WDB.

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 2002 *.

Decided Aug. 26, 2002.

Before BEEZER, THOMAS and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Robert J. Tezak appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition challenging the Bureau of Prison's denial of his request for credit for completing the drug rehabilitation program provided for in 18 U.S.C. § 3621(e). We affirm.

The critical question in this case is whether Tezak had a "settled expectation of legitimate eligibility for early release under § 3621(e)(2)(B)." *Furguiel v. Benov,* 155 F.3d 1046, 1049 (9th Cir.1998). Tezak claims that he relied on the language of § 3621(e) as well as the oral advice of the prison's drug abuse program coordinator, before he entered the treatment program, that he would be eligible for a sentence reduction for participating in it. However, as the district court correctly observed, there is no evidence of this notification in the record. Indeed, the record evidence is to the contrary. The government tendered uncontested evidence that the prison's drug treatment specialist had determined specifically that Tezak was not eligible, and that the prison's drug abuse program coordinator so advised Tezak. Thus, Tezak's circumstance is the same as the petitioner in *Furguiel,* and he is not entitled to relief. *Id.* at 1049.

Because we affirm the district court's conclusion that Tezak had no legally settled expectations concerning his eligibility for early release, we need not reach the question of whether the Bureau of Prison's actions violated the Ex Post Facto clause. *Id.* at 1049.

**AFFIRMED**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.