**Martin KUNA, Petitioner,**

v.

**Charles A. DANIELS, Warden, FCI Sheridan, Oregon, Respondent.**

**No. Civ. 02–526–HA.**

United States District Court, D. Oregon.

Oct. 30, 2002.

Order Denying Motion to Alter or Amend Nov. 8, 2002.

Stephen R. Sady, Chief Deputy Federal Defender, Portland, OR, for Petitioner.

Michael W. Mosman, United States Attorney, Craig J. Casey, Assistant United States Attorney, Portland, OR, for Respondent.

## OPINION AND ORDER

HAGGERTY, Chief Judge.

Petitioner is an inmate at the Federal Correctional Institution ("FCI") in Sheridan, Oregon. Respondent Charles A. Daniels[1] is the Warden of FCI at Sheridan, petitioner's custodian, and the proper respondent in this action. Fed.R.Civ.P. 81(a)(2); *Brittingham v. United States,* 982 F.2d 378, 379 (9th Cir.1992). Petitioner complains that the Bureau of Prisons ("BOP") found him ineligible for a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), which allows the BOP to grant federal inmates convicted of non-violent offenses a one-year sentence reduction for the successful completion of a qualified drug and alcohol abuse program. *Cort v. Crabtree,* 113 F.3d 1081, 1085 (9th Cir.1997). He filed a writ of habeus corpus pursuant to 28 U.S.C. § 2241 seeking a determination of eligibility for the drug treatment program.

Petitioner alternatively argues: (1) the BOP did not follow its own rules in deny-

---

1. This petition was originally filed against the previous Warden, Robert Hood. Charles A. Daniels is the current Warden of FCI in Sher- idan and is substituted as a party to this action.

ing his eligibility for the sentence reduction program; and (2) BOP's interpretation of the program statements are an overly narrow interpretation of the statutory mandate to provide substance abuse treatment to prisoners. The court finds that the BOP has acted arbitrarily in imposing eligibility requirements that go beyond its program statements and therefore does not address petitioner's second alternative argument. The petition for writ of habeas corpus (doc. # 1) is granted.

## BACKGROUND

Petitioner is in federal custody based on a conviction for Conspiracy to Possess a Controlled Substance with Intent to Distribute, and Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(A)(1) and 846, and 18 U.S.C. § 2. Petitioner was sentenced in 1990 to a 200–month term of incarceration, with a release date of February 18, 2005, including reductions for good conduct. Prior to his sentencing, petitioner spoke to a probation officer for the preparation of a Pre–Sentence Investigation ("PSI") report. Petitioner admitted to the probation officer that he drank socially. Return of Order to Show Cause at 6.

## DISCUSSION

The BOP's program statement 5331.10 contains certain eligibility criteria an inmate must fulfill to enter the drug treatment program, including the prerequisite that the inmate suffer from a "verifiable documented drug abuse problem." As verification, the program statement requires: (1) a determination by drug abuse program staff that the inmate has a substance abuse disorder; and (2) substantiation in the PSI or other similar documents in the inmate's central file of the diagnosis. "[A]ny written documentation in the inmate's central file which indicates that the inmate *used* the *same substance*, for which

a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem." P.S. 53310.10 at 4 (emphasis in original).

Petitioner's eligibility interview supported a DSM–IV diagnosis of alcohol dependence. Reply to the Return of Order to Show Cause at Ex. A. Petitioner was denied eligibility, however, because according to the BOP, the PSI revealed that petitioner drank alcohol only on a social basis. This did "not constitute abuse or dependence." Petition at Ex. 4–3.

Program statement 5330.10 does not require verification in the inmate's central file of "abuse or dependence." Use, not self-reporting of abuse, provides sufficient documentation given that many individuals with dependencies minimize the extent of their substance abuse. *See* Reply to the Return to Order to Show Cause at 3. By its own terms, the program statement requires only written documentation that the inmate *used* the substance for which he or she now seeks treatment. Petitioner's PSI states that he drank alcohol. According to the program statement, this documentation of use "shall" be accepted, and no additional verification in the file is required.

The BOP is without discretion to go beyond the unambiguous terms of its program statement. *See Bowen v. Hood,* 202 F.3d 1211, 1221–22 (9th Cir.2000) (treating unambiguous language in a program statement as binding upon the BOP). The BOP has acted arbitrarily in denying petitioner eligibility and imposing additional eligibility requirements not contained in its program statements.

## CONCLUSION

The petition for writ of habeas corpus (doc. # 1) is GRANTED. Petitioner is categorically eligible for the sentence re-

duction upon successful completion of the drug treatment program.

IT IS SO ORDERED.

### ORDER

Pending before the court is respondent's Motion to Alter or Amend the Judgment Dated October 30, 2002. The court has considered the motion and finds no ground upon which to alter the judgment or the relief granted. Accordingly, the Motion to Alter or Amend the Judgment (doc. # 17) is DENIED.

IT IS SO ORDERED.