**Marshall HARRIS, Petitioner,**

v.

**Charles DANIELS, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.**

No. CIV. 06–1562–HA.

United States District Court, D. Oregon.

Dec. 5, 2006.

Stephen R. Sady, Office of the Federal Public Defender, Portland, OR, for Petitioner.

Scott Erik Asphaug, U.S. Attorney's Office, Portland, OR, for Respondent.

## ORDER

HAGGERTY, Chief Judge.

Petitioner brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4). Petitioner is a federal prisoner being housed by the Bureau of Prisons (BOP) at the Federal Correctional Institution in Sheridan, Oregon. Petitioner asserts that his statutory and due process rights are being violated by the BOP's revocation of his eligibility for reduction of his period of custody.

Petitioner was convicted in the Northern District of California in September, 2001, for Unlawful Possession of Cocaine Base. He received a total guideline sentence of ninety-two months in the custody of the BOP, followed by a three-year-term of supervised release.

There is no dispute that petitioner was advised that he was eligible for early release consideration and was admitted into the BOP's residential substance abuse treatment program (DAP). Specifically, respondent raises no objections to petitioner's factual assertions that on February 7, 2005, "the BOP determined that the petitioner was eligible for early release pursuant to 18 U.S.C. § 3621(e), provided him with formal notice on BP–S761, and en-

tered his status on the BOP'S SENTRY computer system as instructed by Program Statement 5331.01." Petition, ¶ 4.5.

Respondent concurs, agreeing that petitioner applied for entry into the DAP program on April 24, 2004, and that his application was reviewed by Dr. Neil Solomon on February 2, 2005. Respondent's Answer, p. 5. After reviewing petitioner's DAP application, Dr. Solomon found petitioner "eligible to participate in the DAP program." *Id.* Doctor Solomon, however, failed "to note" a disqualifying Second Degree Robbery conviction listed in petitioner's Pre–Sentence Report and "made [an erroneous] provisional determination of early release eligibility." Respondent's Answer, pp. 5–6.

Petitioner subsequently entered the 500–hour residential treatment program and graduated on October 20, 2006. However, on July 7, 2006, the BOP revoked petitioner's eligibility for the § 3621(e) sentence reduction after discovering that petitioner had been convicted of Second Degree Robbery in 1992. Petitioner was given formal and oral notice that "per policy he was categorically ineligible" for early release because of his prior robbery conviction. Respondent's Answer, p. 6.

Petitioner's projected good conduct time release date was December 30, 2007. Prior to losing his early release eligibility, petitioner was to be transferred to community corrections on October 20, 2006, and then released after six months. Petition, ¶ 4.10.

"The petitioner has filed his administrative remedies. He is awaiting a response to his national appeal." Petition, ¶ 4.8.

Respondent explains that petitioner's eligibility was revoked after a "subsequent review... determined that the initial reviewer failed to identify a disqualifying felony conviction" noted in petitioner's Pre–Sentence Report. Respondent's Answer, p. 3. Respondent asserts that petitioner was never eligible for sentence reduction consideration due to his 1992 Second Degree Robbery conviction and that, therefore, the BOP now correctly refuses to transfer him to a community corrections facility to complete the last phase of the DAP program, or to consider him eligible for early release. *Id.* Petitioner contends that the revocation of this eligibility deprives him of rights conferred by 18 U.S.C. § 3621(e), 5 U.S.C. § 706, and the Due Process Clauses of the Fifth Amendment to the United States Constitution.

## ANALYSIS

In 1994, as an incentive for prisoners to seek drug treatment, Congress made one-year sentence reductions available to prisoners convicted of nonviolent offenses who successfully completed substance abuse treatment programs. 18 U.S.C. § 3621(e)(2)(B).

The BOP has broad discretion in administering the sentence reduction treatment program, and that this discretion extends to the creation of categorical exclusions. *Bowen v. Hood,* 202 F.3d 1211, 1219 (9th Cir.2000), internal quotations and citations omitted. However, the Ninth Circuit has closely scrutinized the retroactive revocation of an inmate's eligibility.

In *Cort v. Crabtree,* 113 F.3d at 1084, the Ninth Circuit examined Supreme Court precedent addressing retroactivity, noting that the Court "has reemphasized the importance of the presumption against retroactivity" and has reiterated that the presumption is deeply rooted in our jurisprudence and embodies a legal doctrine that is centuries old. 113 F.3d 1081, 1084 (9th Cir.1997), internal quotations and citations omitted. The Ninth Circuit in *Bowen* cited *Cort* in referring to the "bedrock

principle" that retroactivity is not favored. *Bowen*, 202 F.3d at 1220, citing *Cort*, 113 F.3d at 1084. The Ninth Circuit has consistently emphasized that the settled expectations of inmates regarding early release eligibility should not be disrupted lightly. *See Bowen*, 202 F.3d at 1220; *Cort*, 113 F.3d at 1084–86; both quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

Those "settled expectations" are not construed as diminished or compromised even though the BOP describes an inmate's eligibility for the DAP program as provisional. Rather, the Ninth Circuit has held explicitly that the BOP's use of term "provisional" "refers only to the successful completion of all phases of the drug abuse treatment program" and that "an inmate may lose his [or her] early release eligibility only for failure to complete the treatment program." *Bowen*, 202 F.3d at 1221; *see also Cort*, 113 F.3d at 1085 (eligibility for sentence reduction is subject only to successful completion of program; the term "provisional" in the residential drug abuse treatment program contract fails to alter the BOP's long-held policy that early release eligibility is conditioned only upon successful completion of the treatment program).

Accordingly, the Ninth Circuit has concluded that, even with the addition of the term "provisional" in BOP regulations pertaining to eligibility evaluations regarding the DAP program, an inmate's DAP "eligibility determination is contingent only upon completion of the program, and not on any changes in the law or regulations." *Bowen*, 202 F.3d at 1221–22.

The case at bar presents the question of whether an exception to this "bedrock principle" concerning limited retroactivity should be created in instances in which BOP personnel err in declaring an inmate's eligibility for sentence reduction benefits. This court finds no grounds to support such an exception.

The BOP contends that the decisions in *Cort* and *Bowen* should be viewed as inapplicable here, because those courts evaluated the propriety of retroactivity when the BOP was implementing changes in policy and regulations. In this case, the BOP is attempting to correct the mistake of an individual BOP administrator who overlooked an aspect of petitioner's application. While there is a distinction regarding *why* the BOP wishes to deny an inmate's eligibility, there is no difference between the settled expectations that this petitioner reasonably possessed when he was admitted into the DAP program and believed that his eligibility for sentence reduction was subject only to his successful completion of the program, and the inmates' settled expectations that were recognized and protected in the decisions in *Cort* and *Bowen*.

This court reads the Ninth Circuit's teachings on this issue as establishing these guidelines:

1. A prisoner's expectation of early release arises when the BOP makes a lawful determination of the prisoner's eligibility and then informs the prisoner of such eligibility; *Furguiel v. Benov*, 155 F.3d 1046, 1049 (9th Cir.1998);

2. A prisoner's eligibility for early release is contingent upon the successful completion of all phases of the drug abuse treatment program; *Bowen*, 202 F.3d at 1222; and

3. Other restrictions regarding a prisoner's eligibility, such as those that might arise out of changes in policy or regulation, may not be applied retroactively without clashing with a prisoner's rights conferred to him or her by 18 U.S.C. § 3621(e), 5 U.S.C.

**1242**

§ 706, and the Due Process Clauses of the Fifth Amendment to the United States Constitution; *Cort,* 113 F.3d at 1084–85; *Bowen,* 202 F.3d at 1222.

In light of this guidance, this court concludes that a retroactive revocation of an inmate's early release eligibility is also improper when deployed as an attempted correction of a mistake committed by a BOP administrator. A prisoner's expectation regarding eligibility for early release under such circumstances is just as legitimate as the expectations held by the prisoners in the *Cort* and *Bowen* decisions. Similarly, that prisoner's understanding that his or her eligibility for early release is contingent only upon the successful completion of all phases of the drug abuse treatment is no different than the understandings held by prisoners in *Cort* and *Bowen.* The BOP's argument that it should be permitted to deny eligibility retroactively on grounds that it seeks to correct its own administrator's error, and is not implementing a policy change, is unpersuasive.

## CONCLUSION

For these reasons, petitioner's petition for writ of habeas corpus [1] is GRANTED. The Bureau of Prisons shall deem petitioner eligible for a reduction of his period of custody. Counsel for petitioner shall confer with respondent and prepare a proposed Judgment detailing the proper reduction calculations and transfer requirements.

This proposed Judgment, and any objections from respondent that counsel are unable to resolve after conferring, shall be filed for this court's consideration as soon as practicable upon receipt of this Order.

IT IS SO ORDERED.