**Victor SALVADOR–ORTA, Petitioner,**

**v.**

**Charles DANIELS, Warden, Federal Correctional Institution, Sheridan, Oregon, Respondent.**

**Civil No. 07–1270–HA.**

United States District Court, D. Oregon.

Jan. 25, 2008.

Stephen R. Sady, Office of the Federal Public Defender, Portland, OR, for Petitioner.

Scott Erik Asphaug, U.S. Attorney's Office, Portland, OR, for Respondent.

## ORDER

HAGGERTY, Chief Judge.

Petitioner brought a petition [1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4). Petitioner is a federal prisoner being housed by the Bureau of Prisons (BOP) at the Federal Correctional Institution in Sheridan, Oregon. Petitioner asserts that the BOP erred in denying him eligibility for participation in the BOP's residential drug abuse program (RDAP) and the resulting possible, discretionary one-year sentence reduction available under 18 U.S.C. § 3621(e)(2)(B).

In the Response to Habeas Petition [6], which this court construes as a motion for dismissal, respondent argues that the petition should be denied on grounds that petitioner was found ineligible for RDAP properly. This argument is rejected.

## BACKGROUND

Petitioner was convicted on September 19, 2005, of Possession with Intent to Distribute Fifty Grams or More of Methamphetamine in violation of 21 U.S.C. § 841. The conviction occurred in the United States District Court for the District of Oregon. Petitioner was sentenced to sixty-three months imprisonment in the custody of the BOP. Petitioner's current projected good conduct time release date is May 16, 2010.

The BOP declared petitioner ineligible for RDAP. Petitioner contends that this finding violates his constitutional and statutory rights.

The underlying statutory authority for RDAP directs the BOP to provide substance abuse treatment to "eligible" prisoners who have a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to seek treatment, Congress made one-year sentence reductions available to some prisoners who completed the substance abuse treatment programs. 18 U.S.C. § 3621(e)(2)(B). In this 1994 legislation, Congress mandated that only certain non-violent offenders are eligible for a sentence reduction, and that the sentence reduction may not exceed one year. Id.

The statute defines "eligible prisoner" as a prisoner who is determined by the BOP to have a substance abuse problem and is willing to participate in a residential substance abuse treatment program. 18 U.S.C. § 3621(e)(5)(B)(i),(ii).

The administrative rule implementing § 3621(e)(1) provides that the inmate must have a verifiable documented drug abuse problem, and that the placement decision be made by the drug abuse treatment coordinator. See 28 C.F.R. § 550.56.

To attempt to verify a prisoner's allegations regarding a substance abuse problem, the BOP uses diagnostic criteria provided in the American Psychiatric Association's Diagnostic and Statistical Manual (DSM) of Mental Disorders. In evaluating petitioner, the BOP relied upon "the DSM, Fourth Edition, Text Revision" (DSM–IV). Resp. at 3–4; see also Reply, Att. A. This was in accordance with the BOP's applicable Program Statement (P.S.) 5330.10, which details the means by which the BOP attempts to verify a prisoner's drug abuse problem:

> Drug abuse program staff shall determine if the inmate has a substance abuse disorder by first conducting the Residential Drug Abuse Program Eligi-

bility Interview followed by a review of all pertinent documents in the inmate's central file to corroborate self-reported information. The inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition, (DSM–IV). This diagnostic impression must be reviewed and signed by a drug abuse treatment program coordinator.

Additionally, there must be verification in the Presentence Investigation (PSI) report or other similar documents in the central file which supports the diagnosis. Any written documentation in the inmate's central file which indicates that the inmate used the same substance, for which a diagnosis of abuse or dependence was made via the interview, shall be accepted as verification of a drug abuse problem.

P.S. 5330.10 § 5.4.1; *see also Smith v. Vazquez*, 491 F.Supp.2d 1165, 1167 (S.D.Ga.2007).

If none of the criteria for substance abuse or dependence has been present for at least one month, the DSM–IV provides guidance to examine the inmate's history of use during the previous twelve months prior to incarceration. Resp. at 4; *see also* Reply, Att. A. The BOP also interprets the DSM–IV as instructing that if there is no evidence of an inmate's drug use in the previous twelve months, the inmate should be construed as being in Sustained Full Remission and should be determined to be ineligible for RDAP. Resp. at 4.

There is no dispute that the twelve months prior to petitioner's incarceration is a period from November 10, 2004 to November 10, 2005, the date petitioner

surrendered to the BOP. Nor is there a dispute that the BOP has concluded that petitioner is ineligible to participate in RDAP because he failed to provide a sufficient substance abuse history within this time period. Solomon Decl. at 5.

However, petitioner contends that the "Remission specifiers" identified by DSM–IV that address examining an individual's conduct for twelve months are inapplicable if the individual in question "is on agonist therapy or in a controlled environment." Reply at 8 (citing Att. A at 196). A person subject to a controlled environment is not considered to be in remission regardless of whether the individual has used a controlled substance within twelve months. *Id.* (citing Att. A at 197). There is no dispute that petitioner was abiding by court-imposed conditions, including drug testing, and was living in a "sobriety house," during the twelve months prior to his incarceration.

**ANALYSIS**

■ Petitioner's appearance of being in Sustained Full Remission is solely a consequence of the fact that he complied with his court-ordered conditions of release during the twelve months prior to surrendering to the BOP. Accordingly, petitioner argues, the BOP's strict adherence to the definitions provided in DSM–IV, particularly examining petitioner's conduct in the twelve months preceding his incarceration to evaluate the extent of his substance abuse problem, is arbitrary and capricious.

There is nothing stated in P.S. 5330.10 that requires verification in the inmate's central file of "abuse or dependence":

Use, not self-reporting of abuse, provides sufficient documentation given that many individuals with dependencies minimize the extent of their substance

abuse. By its own terms, the program statement requires only written documentation that the inmate used the substance for which he or she now seeks treatment. * * * According to the program statement, ... documentation of use "shall" be accepted, and no additional verification in the file is required.

*Kuna v. Daniels,* 234 F.Supp.2d 1168, 1169 (D.Or.2002) (citations omitted).

In *Kuna,* this court rejected the BOP's reasoning for declaring a prisoner ineligible for RDAP on the basis that the prisoner's acknowledgment that he drank alcohol socially failed to constitute sufficient abuse or dependence for admission into RDAP, notwithstanding the fact that the prisoner's eligibility review supported a diagnosis of alcohol dependence. *Id.* This court concluded that the BOP "is without discretion to go beyond the unambiguous terms of its program statement," and that it "acted arbitrarily in denying petitioner eligibility and imposing additional eligibility requirements not contained in its program statements." *Id.* (citation omitted).

Courts in other jurisdictions appear to be split on the question of whether the BOP's standards for eligibility as they pertain to evidence of drug use prior to incarceration are reasonable and therefore should be given deference. *See Colon v. Craig,* 2007 WL 3076926, at *5 (N.D.N.Y. Oct. 19, 2007). The *Colon* court provided a string of authorities for the unremarkable proposition that "while none of the provisions in the statute, regulation, program statement, or DSM–IV refer to the documentation requirement for the twelve-month period prior to incarceration, it is consistent with the DSM–IV definition." *Id.* (citations omitted).

However, the *Colon* decision also acknowledged that other courts "have found that the BOP's interpretation of the statute 'requiring proof of substance abuse within twelve months of some specific event is an impermissible interpretation of the statute.'" *Id.,* citing *Smith,* 491 F.Supp.2d at 1170; *Kuna,* 234 F.Supp.2d at 1169; *Mitchell v. Andrews,* 235 F.Supp.2d 1085, 1090–91 (E.D.Cal.2001).

In this case, there is no question that petitioner has established a history of substance abuse. A single excerpt from his pre-sentence report is sufficient to demonstrate this:

[petitioner] was released on pretrial supervision on June 2, 2004, pending sentencing. He was referred to Willamette Family Treatment for inpatient drug treatment after he provided a urine test that was positive for methamphetamine on June 21, 2004. His release was revoked on July 8, 2004, after he used methamphetamine again on July 7, 2004. He was released to residential treatment at Willamette Family Treatment on July 21, 2004.

Pre–Sentence Report at 17 (Gov.Att.3).

While courts have differed on whether the BOP is entitled to deference when setting eligibility requirements for RDAP, especially in light of the broad discretion it is generally afforded in such matters, this court concludes that, under these specific circumstances, such deference to the BOP's decision to declare petitioner ineligible for RDAP is unwarranted.

■ Although the BOP enjoys broad discretion in administering the sentence reduction program, the exercise of such discretion must be reasonable. *Bowen v. Hood,* 202 F.3d 1211 (9th Cir.2000) (internal quotation and citations omitted). In this case, the BOP's imposition of additional eligibility requirements not contained in

its program statements to exclude this petitioner from RDAP must be deemed arbitrary and capricious. Petitioner's conduct while under a court order not to use illegal drugs or alcohol cannot in any rational sense be interpreted as establishing that petitioner's substance abuse fails to warrant admission into RDAP.

To declare petitioner ineligible for RDAP because he complied to court-ordered release terms is contrary to what Congress intended when it enacted 18 U.S.C. § 3621(e) to provide "that every prisoner with a substance abuse problem [shall] have the opportunity to participate in appropriate substance abuse treatment...." The BOP's decision to deny petitioner eligibility for RDAP under these circumstances, for the reasons advanced by the BOP, is an abuse of the discretion it is otherwise afforded in the administration of its substance abuse treatment programs.

### CONCLUSION

For the foregoing reasons, the petition [1] is granted as follows: the BOP is ordered to re-evaluate petitioner Victor Salvador–Orta for RDAP participation without taking into consideration petitioner's drug or alcohol use (or lack of same) during the period of time before his incarceration when he was under the mandates of court-imposed release terms.

IT IS SO ORDERED.