Tim Ray SACORA, Petitioner,

v.

J.E. THOMAS, Warden, FCI–
Sheridan, Respondent.

Civil No. 09–40–HA.

United States District Court,
D. Oregon.

Aug. 18, 2009.

Stephen R. Sady, Office of the Federal Public Defender, Portland, OR, for Petitioner.

Kevin C. Danielson, U.S. Attorney's Office, Portland, OR, for Respondent.

## ORDER

HAGGERTY, District Judge:

Petitioner has filed for a Petition for Writ of Habeas Corpus [1]. He invokes this court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(4). Petitioner is a federal prisoner incarcerated by the Bureau of Prisons (BOP) at the Federal Correctional Institution in Sheridan, Oregon (FCI–Sheridan). Petitioner alleges that the BOP decision to expel him from the BOP's Residential Drug and Alcohol Treatment Program (RDAP) was arbitrary, capricious and an abuse of discretion. As a remedy for this alleged wrong, petitioner requests that the BOP be or-dered to reinstate him in RDAP immediately.

In its "Answer To Petition For Writ of Habeas Corpus" (Response), respondent argues that the petition should be denied on grounds that petitioner was expelled appropriately. Expulsion was proper because petitioner had no "alcohol problem" during the twelve months prior to his incarceration, refused to participate in treatment, and demonstrated disruptive behavior toward others in the program. Resp. at 2.

## BACKGROUND

On August 28, 2006, petitioner was convicted of wire fraud and money laundering in violation of 18 U.S.C. § 1343 and 1957. He was sentenced to seventy-eight months imprisonment. Response at 2 (citations omitted).

Petitioner requested participation in RDAP and was determined to be eligible for participation in the program. He began participating in the program on August 25, 2008. On October 8, 2008, petitioner referred to suffering from low self-esteem and said he believed that the program would be unable to help him improve his negative self-image. *Id.* (citation omitted). Drug Abuse Treatment Specialist Peter Antonson responded to these statements by warning petitioner that low self-esteem created a high risk for relapsing into alcohol dependency. According to Antonson, petitioner replied that he was not concerned about relapse, because petitioner "only used alcohol in a problematic fashion when attending parties and night clubs," and he did not plan in engaging in such "social interaction in the future," and had "discontinued his participation in parties and night clubs two full years before his arrest." Declaration of BOP Drug Abuse Program Coordinator Dr. Neil Solomon, Att. 3.

Antonson responded by preparing a report opining that petitioner "may not be treatment ready," and characterizing petitioner's statements as "a refusal to complete treatment plan activities." *Id.* Antonson also construed petitioner's assertion that he refrained from going to parties or night clubs as a "direct contradiction to his signed eligibility interview problem statement where he certified that he had a drug or alcohol problem within the last twelve consecutive months in the community." *Id.*

Antonson conferred with Dr. Solomon that day. *Id.* Antonson and Dr. Solomon then met with petitioner. Petitioner insisted that a misunderstanding had arisen regarding the extent of petitioner's alcohol abuse. Solomon Decl. at 4. Antonson responded by asserting that petitioner had refused to recant his history of alcohol abuse despite several opportunities to do so. *Id.* Doctor Solomon concluded that petitioner had been dishonest. *Id.* Moreover, Dr. Solomon determined that:

> [Petitioner's] current claim that he no longer need address his alcohol use as a treatment issue contradicts his endorsing of the Problem Statement and constitutes a refusal to participate in treatment. His most recent comments that alcohol was not a problem for the two years prior to his arrest in the instant offense, in this author's professional clinical opinion, not only compromises the integrity of Mr. Sacora's treatment but the treatment of his RDAP peers. For this reason, he was notified today that he was being expelled from RDAP.

Solomon Decl., Att. 4.

Doctor Solomon construed petitioner's "admission" as indicating that petitioner "was dishonest during his eligibility interview" and as being "in direct conflict with the one year substance use/abuse requirement." Solomon Decl. at 4. "Given inmate Sacora's most recent claim to have not engaged in problematic alcohol use for two years prior to his arrest for the instant offense, as a clinician trained in the assessment and treatment of substance use disorders, I could only conclude that his alcohol problem was in remission and not an active, ongoing problem that would merit RDAP treatment." Solomon Decl. at 6.

Petitioner brings this challenge for judicial review. Petitioner contends that his summary expulsion from RDAP arose from a mere misunderstanding and was an arbitrary and capricious act by the BOP. This court agrees.

***ANALYSIS***

██ As an incentive for a prisoner to participate in substance abuse treatment while in custody, Congress provided that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). "This discretionary language grants the BOP broad discretion to grant or deny the one-year reduction." *McLean v. Crabtree,* 173 F.3d 1176, 1182 (9th Cir.1999).

██ Petitioner challenges his expulsion from RDAP and seeks relief in the form of reinstatement and sentence reduction. A prisoner who seeks to compel reinstatement in RDAP because he was not warned before being expelled must first "identify any legal obligation which would warrant an order from this court directing the warden to fulfill such a duty." *Smith v. Sniezek,* No. 4:07 CV 0366, 2007 WL 642017, at *3 n. 4 (N.D.Ohio February 27, 2007).

Refusing to grant an inmate early release after completing a drug treatment program has not been found to violate the petitioner's liberty interest. *See, e.g., Bowen v. Hood,* 202 F.3d 1211 (9th Cir.

2000); *Furguiel v. Benov,* 155 F.3d 1046 (9th Cir.1998); *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir.1997); *see also Smith v. Sniezek,* 2007 WL 642017, at *3–*4 (the Constitution does not itself afford a prisoner a liberty interest in a reduced sentence and a convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence).

■ However, a petitioner may be entitled to receive relief under 28 U.S.C. § 2241 if the petitioner shows that his or her custody is in violation of federal law. *See* 28 U.S.C. § 2241(c)(3). Accordingly, respondent's assertion that 18 U.S.C. § 3625 "precludes" review of petitioner's challenge regarding his expulsion from RDAP is rejected. Judicial review is available to determine whether the BOP exercised its discretion to administer RDAP properly. *See SEC v. Sloan,* 436 U.S. 103, 118–19, 98 S.Ct. 1702, 56 L.Ed.2d 148 (1978) (judicial review may determine whether an agency's exercise of discretion was consistent with the agency's scope of authority). Although certain portions of the Administrative Procedures Act (APA) have been declared inapplicable to Subsection C of 18 U.S.C. § 3625, Subsection C addresses the "place of imprisonment" and authorizes the BOP to designate locations for incarceration based on factors including the nature and circumstances of the prisoner's offenses. Such duties are administered through internal agency guidelines, referred to as Program Statements, that are entitled to some deference. *Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (citations omitted). Claims of constitutional violations, abuses of discretion, agency actions contrary to law, and agency actions exceeding the scope of its authority, are not precluded from judicial review. *Enigwe v. Bureau of Prisons,* Civil Action No. 06–457(RMC), 2006 WL 3791379, at *2 (D.D.C. Dec. 22, 2006).

■ The Petition is fairly construed as asserting that the BOP was arbitrary and capricious in its actions regarding petitioner and his participation in the program created by 18 U.S.C. § 3621. The rule-making provisions of the APA expressly apply to the BOP. 5 U.S.C. § 553. Under applicable portions of the APA, agency actions, findings and conclusions will be struck if they are found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Pac. Coast Fed'n of Fishermen's Ass'ns. v. U.S. Bureau of Reclamation,* 426 F.3d 1082, 1090 (9th Cir.2005). The scope of review is narrow, but the agency is required to articulate a rational connection between the facts found and the conclusions reached. *Midwater Trawlers Co-operative v. Dept. of Commerce,* 282 F.3d 710, 716 (9th Cir.2002).

■ Actions based on internal agency guidelines are entitled to some deference, but are not entitled to the degree of deference given to published agency regulations. *Barq v. Daniels,* 428 F.Supp.2d 1147, 1149 (D.Or.2006) (citing *Grassi v. Hood,* 251 F.3d 1218, 1220 (9th Cir.2001)).

■ Although the BOP enjoys broad discretion in administering the sentence reduction program created by 18 U.S.C. § 3621, the exercise of such discretion must be reasonable. *Bowen v. Hood,* 202 F.3d 1211 (9th Cir.2000) (internal quotation and citations omitted).

Program Statement 5330.10 permits the expulsion of a RDAP participant because of "disruptive behavior related to the program," but only after the prisoner has received at least one warning. Resp. Ex. 1 at 7–8. Immediate expulsion is deemed warranted only in cases of violations of prison rules, use or possession of drugs or alcohol, violence against others, and in cases in which "the inmate's behavior is of

such a magnitude that his or her continued presence would create an immediate and ongoing problem for staff and inmates." *Id.*

■ Respondent presents no allegations that petitioner received warnings prior to his expulsion. Petitioner was expelled within twenty-four hours of Antonson recording an unfounded conclusions that because petitioner acknowledged a problem with low self-esteem, and divulged that he had stopped attending parties and night clubs two years before his arrest, petitioner "may not be treatment ready," was refusing "to complete treatment plan activities," and was directly contradicting his eligibility statement that he suffered from an alcohol problem within the last twelve consecutive months prior to incarceration. Solomon Decl., Att. 3.

It should not be necessary to illuminate that petitioner's honest acknowledgment that he had avoided settings where he abused alcohol in the past, and hoped to avoid those settings in the future, was in no way tantamount to refusing to complete treatment plans, offered no grounds for a conclusion that petitioner was not treatment ready, and could not be construed reasonably as contradictory to a prior statement that petitioner suffered from an ongoing alcohol problem. Even respondent's briefing on this issue concedes that petitioner "insisted"—or tried to explain—that Antonson's strained conclusions arose from a misinterpretation. Resp. at 4.

As noted above, Dr. Solomon subsequently extrapolated rationalizations to support petitioner's RDAP expulsion, suggesting that petitioner's comment not only "compromised the integrity" of petitioner's treatment, but also the treatment of his "peers;" petitioner was dishonest during his eligibility interview; and petitioner's alcohol problem must be in remission and not an active ongoing problem. Prisoners participating in a counseling program os-

tensibly designed to address their substance abuse and the low self esteem that often accompanies that abuse should be spared such harsh misinterpretations and unwarranted conclusions, most particularly from the counselors and doctors from whom they are seeking assistance.

The undisputed record establishes that petitioner's conduct never warranted immediate expulsion. The BOP's decision to expel petitioner from RDAP without warning, under these circumstances, is an abuse of discretion. *See Salvador–Orta v. Daniels,* 531 F.Supp.2d 1249, 1251–53 (D.Or. 2008). Therefore, the petition must be granted in part.

## CONCLUSION

The Petition for Writ of Habeas Corpus [1] is GRANTED IN PART: the BOP is ordered to offer reinstatement into RDAP to petitioner Tim Ray Sacora as soon as is practicable. Nothing in this ruling is intended to convey that respondent was, or is, required to provide any sentence reduction as further relief. Any other aspects of the Petition and any pending motions are denied as moot.

IT IS SO ORDERED.