**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TREVOR RYAN, | No. 12-35462 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00448-MO |
| v. | |
| JEFFREY THOMAS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 9, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Trevor Ryan appeals from the district court's denial of his 42 U.S.C.

§ 2241 petition for writ of habeas corpus on his claim that the Bureau of Prisons

improperly denied him eligibility for early release under 18 U.S.C. § 3621(e)(2).

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* the denial of a § 2241 petition, *see Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir. 2000), and we affirm.

The district court correctly held that the BOP did not violate retroactivity principles by applying its March 16, 2009 regulations in determining that Ryan was ineligible for a § 3621 early release incentive. Because Ryan had not received notification of his eligibility before the effective date of the regulations, he had no settled expectation of early release and his retroactivity argument fails. *See Furguiel v. Benov*, 155 F.3d 1046, 1049 (9th Cir. 1998) ("[A] prisoner's expectation of early release may only arise when the BOP makes a lawful determination of the prisoner's eligibility and then informs the prisoner of such eligibility . . . . In order to urge a retroactivity argument, a prisoner's notice of early release must have accrued prior to the promulgation of [the regulations]." (emphasis omitted)).

**AFFIRMED.**